# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| TRACY JIMENEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-1972 |
| v. | ) | |
| | ) | |
| CREDIT BUREAU U.S.A., INC; and | ) | |
| REGIONAL RECOVERY SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Tracy Jimenez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## PARTIES

3. Plaintiff, Tracy Jimenez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed to Ladd Eric, DDS. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

4. Defendant, Credit Bureau U.S.A., Inc., ("CB USA"), is an Indiana corporation with its principal place of business at 5252 S. Hohman Avenue, Hammond, IN 46320. It does or transacts business in Illinois, though its status is currently listed as "withdrawn" by the Illinois Secretary of State. Its registered agent and office are Sheryl K. Schumann, 18505 S. Stewart Ave, Homewood, IL 60430. (Exhibit A, Record from the Illinois Secretary of State).

5. Defendant CB USA regularly uses the mails and telephone system in attempting to collect debt owed to others.

6. Defendant CB USA is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

7. Defendant Regional Recovery Services, Inc., ("RRS") is an Indiana corporation with its principal place of business at 5252 S. Hohman Avenue, Hammond, IN 46320. It does or transacts business in Illinois. Its registered agent and office are Sheryl K. Schumann, 18505 S. Stewart Ave, Homewood, IL 60430. (Exhibit B, Record from the Illinois Secretary of State).

8. Defendant RRS regularly collects or attempts to collect defaulted consumer debts is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others

9. Defendant RRS holds a collection agency license from the state of Illinois. (Exhibit C, Record from Illinois Department of Financial & Professional Regulation).

10. Defendant RRS is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. Plaintiff incurred a debt for goods and services used for personal purposes, originally a medical debt with Ladd Eric, DDS ("alleged debt"). The alleged debt is thus a "debt" as that term is defined by §1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff was unable to pay the alleged debt, and it went into default.

13. Defendant CB USA subsequently purchased or was assigned the alleged debt.

14. Defendant CB USA retained or hired RRS to attempt to collect the alleged debt from Plaintiff sometime thereafter.

15. RRS was at all times authorized to act on behalf of CB USA to attempt to collect the alleged debt from Plaintiff.

16. On or about March 5, 2014, Defendant RRS mailed Plaintiff a collection letter ("Letter"). (Exhibit D, Collection Letter).

17. The Letter conveyed various information regarding the account directly to Plaintiff, including the current balance, the CB USA account number, the identity of the original creditor and RRS account number.

18. In fact, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

19. The Letter conveyed a Balance Due on the alleged debt of $250.04.

20. The Letter conveyed a "CBR" account number and listed the "Client" as Ladd Eric DDS.

21. Due to Defendant's collection activities, on or about May 10, 2014 Plaintiff consulted with the legal aid attorneys at the Debtors Legal Clinic, who, on May 10, 2014, sent a

letter to RRS indicating that Plaintiff disputed the alleged debt. (Exhibit E, Representation Letter).

22. RRS received Plaintiff's letter on May 10, 2014.

23. On October 3, 2014, CB USA communicated credit information to the Transunion consumer reporting agency, including an account number, the original creditor and a balance. (Exhibit F, Excerpt of Transunion consumer report).

24. Defendant CB USA communicated a balance of $250 on the alleged debt.

25. Defendant CB USA failed to note that the debt was disputed. (Ex. F., Transunion).

26. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

28. On or before October 3, 2014, Defendants' knew that Plaintiff had disputed the alleged debt because Plaintiff's counsel had previously notified RRS of that dispute by letter on May 10, 2014.

29.     Even though CB USA knew or should have known, prior to October 3, 2014, that Plaintiff disputed owing the alleged debt, CB USA failed to thereafter communicate the fact of Plaintiff's dispute to the Transunion credit reporting agency when CB USA communicated other information regarding the alleged debt , in violation of 15 U.S.C. § 1692e(8).

30.     CB USA authorized, directed, and ratified every action taken by RRS on its behalf, and is liable for the acts and omissions of RRS, committed in connection with efforts to collect the alleged debt from Plaintiff.  (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F.3d 379 (3rd Cir. 2000)).

31.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

32.     Plaintiff re-alleges above paragraphs as if set forth fully in this count.

33.     Defendants' failed to communicate the fact of Plaintiff's dispute to the Transunion consumer reporting agency, in violation of 15 U.S.C. § 1692e(8), when reporting other information regarding the alleged debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against the Defendants as follows:

- A.   Statutory damages from Defendant CB USA pursuant to 15 U.S.C. § 1692k(a)(2);

- B.   Statutory damages from Defendant RRS pursuant to 15 U.S.C. § 1692k(a)(2);

- C.   Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

- D.   Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com